**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICOLE M. GIANNINI, individually and on behalf of a class of similarly situated persons,<br><br>                Plaintiff,<br>   v.<br><br>UNITED COLLECTION BUREAU, INC. and LVNV FUNDING LLC,<br><br>            Defendants. | Case No. 1:21-cv-03223<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

NOW COMES, Plaintiff NICOLE M. GIANNINI, by and through her counsel, James C. Vlahakis, and asserts a putative class action against Defendants UNITED COLLECTION BUREAU, INC. and LVNV Funding LLC:

**I. Parties, Jurisdiction and Venue**

1. Plaintiff, NICOLE M. GIANNINI ("Plaintiff") is a citizen of the State of Illinois and resides in this judicial District.

2. Plaintiff has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*

3. Plaintiff obtained credit (the "Subject Debt") from Citibank, N.A. ("Citibank") for personal and household expenses and was unable to pay off the Subject Debt after suffering from certain economic and personal factors.

4. Defendant UNITED COLLECTION BUREAU, INC. ("UCB") is an Ohio based corporation and maintains a collection agency license issued by the State of Illinois.

5. UCB is a debt collector as defined by Section 1692a(6) of the FDCPA because UCB's principal purpose is the purchase of and collection of consumer debts

1

and UCB routinely uses the United States Postal Service to collect consumer debts.

6.      UCB routinely collects defaulted consumer debts owed to Defendant LVNV Funding LLC ("LVNV").

7.      As part of UCB's business relationship with LVNV, UCB is aware that LVNV purchases defaulted consumer debts from original creditors.

8.      LVNV maintains an Illinois collection agency license.

9.      LVNV is a debt collector as defined by Section 1692a(6) of the FDCPA because UCB represented to Plaintiff that LVNV purchased the Subject Debt after the debt fell into default status.

10.      LVNV is a debt collector as defined by Section 1692a(6) of the FDCPA because LVNV routinely attempts to collect defaulted consumer debts within this jurisdiction and contracted with UCB to collect the Subject Debt, a debt that was in default status when it was allegedly acquired by LVNV.

11.      Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

12.      Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in this District and UCB routinely mails collection letters and envelopes to addresses within this District for the purpose of collecting consumer debts.

13.      Venue and personal jurisdiction exist in this District pursuant to 18 U.S.C. §§ 1391(b)-(c) and 1441(a) because UCB, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

14.      Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because each Defendant is subject to personal jurisdiction within this District by virtue of the fact that Defendant LVNV has conducted significant and continuous debt purchase and collection activities within this jurisdiction and Defendant UCB has conducted

2

significant and continuous debt collection activities within this jurisdiction.

15. The Honorable Manish S. Shah dismissed an earlier lawsuit filed by Plaintiff on May 18, 2020. See Dkt. 31 in Case No. 20-cv-05131 (denying Defendant UCB's motion to dismiss Plaintiff's First Amended Complaint ("FAC") (Dkt. 21) where UCB moved to dismiss the FAC to FRCP 12(b)(1) and granting UCB's 12(b)(6) motion where different claims were alleged by the FAC in relation to collection letters dated March 16, 2020 and April 16, 2020).

**II.      Defendants' Collection Activities**

16. A letter sent by Citibank to Plaintiff dated March 13, 2020 states that Citibank sold the Subject Debt to Sherman Originator III LLC.

17. UCB attempted to collect the Subject Debt from Plaintiff by causing a form collection letter to be sent to Plaintiff where the collection letter was dated June 16, 2020.

18. UCB utilized a third-party letter vendor to mail the June 16, 2020 collection letter to Plaintiff.

19. UCB's June 16, 2020 letter indicated that LVNV was the "Current Creditor" of the Subject Debt.

20. Plaintiff's review of the June 16, 2020 collection letter caused Plaintiff to suffer stress, worry, anxiety and confusion out because she did not know how LVNV had purchased or otherwise acquired the Subject Debt from Citibank where Citibank's March 13, 2020, letter informed Plaintiff that Citibank sold the Subject Debt to Sherman Originator III LLC ("Sherman III").

21. Defendants' June 16, 2020 collection letter did not explain to Plaintiff how LVNV acquired the Subject Debt from Sherman III.

22. The June 16, 2020 collection letter indicated that Defendants were willing

to accept a one-time "Single Payment Offer" (a discounted payment - less than the full balance of the Subject Debt) to resolve the Subject debt where the June 16, 2020 collection letter stated that "if the event you meet the terms of one of the three offers below, United Collection Bureau, Inc. will accept a settlement for less than the amount owned on behalf of your creditor."

23.     The June 16, 2020 collection letter also indicated that Defendants were willing to accept a larger payment amount (but less than the full balance of the Subject Debt) if Plaintiff was able to pay the proposed discounted payment amounts over twelve or twenty four months.

24.     Each of the three discounted payment options included the phrase "[w]e are not obligated to renew this offer."

25.     Plaintiff was anxious and stressed out when she received the June 16, 2020 collection letter because she did not have enough funds to comply with the terms of the discounted, single-payment option.

26.     Plaintiff attempted to secure funds in an unsuccessful attempt to take advantage of Defendants' pay-over-time discounted offers.

27.     Attempting to secure the necessary funds caused Plaintiff's other debts to remain in default status, leading to further derogatory credit reports which caused Plaintiff's credit score to decline and allowed interest to accrue on other debts.

28.     For these reasons, Plaintiff suffered real and concrete harm because Defendants communicated with her in a manner prohibited by the FDCPA.

**III.     Class Action Based Allegations**

29.     Defendants' use of the above described form collection letters satisfies the elements of typicality, commonality, predominance and superiority.

4

30.     The Subject Collection Letters satisfy the numerosity element of FRCP 23(a)(1) because Defendants have mailed out well over 40 identically formatted letters to consumers in this district within the past year.

31.     The Subject Collection Letters satisfy the elements of FRCP 23(a)(2) and 23(a)(3) because the illegality of Defendants' conduct is a question of fact and law that is typical and common to Plaintiff and the proposed class members.

32.     Plaintiff satisfies FRCP 23(a)(4) because she will fairly and adequately protect the interests of the proposed class members and she is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions. For example, Plaintiff's lead attorney (James C. Vlahakis) is an experienced consumer class action litigator. For example, on May 15, 2018, Mr. Vlahakis was appointed to the Steering Committee in a nationwide class action against Apple, Inc. *See, In Re: Apple Inc. Device Performance Litigation*, 18-md-02827 (N.D. Cal. May 15, 2018) (Dkt. Entry no. 99). Mr. Vlahakis was lead plaintiff's counsel in *Preston v. Midland Credit Management, Inc.*, 948 F.3d 776 (7th Cir. 2020) where the Seventh Circuit reversed in part the district court's order granting MCM's 12(b)(6) motion to dismiss.[1]

33.     Plaintiff can satisfy FRCP 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

---

[1] Before becoming a consumer rights attorney, for nearly twenty years, Mr. Vlahakis defended debt collectors in class action litigation. As a former defense attorney, Plaintiff's counsel understands strengths and weakness of the types of defenses that creditors and debt collectors typically raise in efforts to defeat FDCPA class actions.

34.     Plaintiff can also satisfy FRCP 23(b)(2) because Defendants have acted on grounds that apply to the class so that final injunctive and/declaratory relief sought below is appropriate relief respecting the proposed class as a whole.

35.     The class period is limited to one year from the filing of this lawsuit or until Defendants' unlawful conduct ends.

36.     The proposed classes can be defined by Defendants' collection records.

**Count I**
**Individual and Class Action Claims for Violations of 15 U.S.C. § 1692c(b)**

37.     Plaintiff NICOLE M. GIANNINI realleges the above paragraphs as though fully set forth herein.

38.     One purpose of the FDCPA was to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

39.     In enacting the FDCPA, Congress determined that "[a]busive debt collection practices contribute to" societal harms, including increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

40.     Congress determined that "[e]xisting laws ... are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

41.     The FDCPA provides that "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

42.     Congress enacted the FDCPA to protect ethical debt collectors from being competitively disadvantaged by debt collectors who do not abide by the prohibitions set forth by the FDCPA. 15 U.S.C. § 1692(e).

43. The FDCPA's statutory findings explicitly identify "invasions of individual privacy" as one of the harms against which the statute is directed. 15 U.S.C. § 1692(a).

44. Illinois law also recognizes that forms of invasions of personal privacy, referred to as the tort of "intrusion upon seclusion," have been regarded as a valid basis for tort suits in the United States. *Duncan v. Peterson*, 835 N.E.2d 411, 422 (Ill. App. Ct. 2005).

45. Section 1692c(b), titled "Communication with third parties," states as follows:

> *Except as provided in section 1692b of this title,* <u>without the prior consent of the consumer</u> *given directly to the debt collector,* ... *a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer,* his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b) (emphasis supplied).

46. Section 1692b provides as follows:

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—

> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
> (2) not state that such consumer owes any debt;
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
> (4 ) not communicate by post card;
> (5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and
> (6) after the debt collector knows the consumer is represented by an attorney with regard to the Subject Debts and has knowledge of, or can readily ascertain, such attorney's name and address, not

> communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

15 U.S.C. § 1692b.

47.     Section 1692b relates to the manner in which a debt collector may lawfully communicate "with any person *other than the consumer* for the purpose of acquiring location information." 15 U.S.C. § 1692b (emphasis supplied).

48.     Defendants violated Section 1692c(b) and violated Plaintiff's right to privacy when they sent Plaintiff's personal information and her status as a debtor to Defendants' third-party mail vendor.

49.     In using a third-party letter vendor to mail the June 16, 2020 collection letters to Plaintiff, Defendants did not have Plaintiff's permission to transmit Plaintiff's personal information and her status as an alleged debtor to any third-party mail vendor.

50.     Absent sufficient safeguards, Defendants' use of a third-party mail vendor places Plaintiff at an unreasonable risk of having the privacy of her personal information violated by way of a data breach, ransomware or a rogue employee.

51.     Plaintiff has suffered a cognizable injury sufficient to invoke Article III standing and is entitled to statutory damages, attorney's fees and costs.

52.     Defendants' unlawful conduct has caused Plaintiff to incur the costs of retaining legal counsel, the costs of filing suit and time spent consulting with legal counsel (time that Plaintiff could have spent on other endeavors).

53.     Further, Plaintiff has incurred expenses related to obtaining credit reports to determine whether Defendant LVNV was the proper owner of the Subject Debt.

54.     Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

All persons with mailing addresses within this District who were mailed a form collection letter similar to the June 16, 2020 collection letter, where the original creditor was listed as Citibank, N.A., and the collection letters were mailed by a third-party vendor in violation of Section 1692c(b) of the FDCPA.

WHEREFORE, Plaintiff NICOLE M. GIANNINI requests that this Court:

a. declare that Defendant's form collection letter violated Section 1692c(b) of the FDCPA;

b. award Plaintiff actual damages;

c. award Plaintiff and class members maximum statutory damages; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

### Count II
### Violations of §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA

55.    Plaintiff NICOLE M. GIANNINI realleges the above paragraphs as though fully set forth herein.

56.    In relation to the mailing of the June 16, 2020 letter by a third-party vendor, Defendants relied on a "PRIVACY NOTICE" which claimed that the so-called "Resurgent Companies" "may share collected information about customers and former customers with each other in conjunction with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law."

57.    The PRIVACY NOTICE listed LVNV as one of the so-called "Resurgent Companies".

58.    As noted in Count I, Defendants' sharing of Plaintiff's personal information with a third-party letter vendor violated Section 1692c(b) which prohibits communicating information regarding consumers and consumer based debts to third-parties.

59.     Defendants' violation of Plaintiff's right to privacy by and through Defendants' sharing of Plaintiff's personal information and status as an alleged debtor with a third-party letter vendor also violated Section 1692e of the FDCPA which states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

60.     Defendants' violation of Plaintiff's right to privacy by and through Defendants' sharing of Plaintiff's personal information and status as an alleged debtor with a third-party letter vendor also violated § 1692e(2)(A) of the FDCPA which prohibits a debt collector from making a "false representation of — (A) the character,  . . . or legal status of any debt".

61.     Defendants' violation of Plaintiff's right to privacy by and through Defendants' sharing of Plaintiff's personal information and status as an alleged debtor with a third-party letter vendor also violated Section 1692e(10) of the FDCPA prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt".

62.     Defendants' violation of Plaintiff's right to privacy by and through Defendants' sharing of Plaintiff's personal information and status as an alleged debtor with a third-party letter vendor violated Sections 1692e, 1692e(2)(A) and 1692e(10) because Defendants' "PRIVACY NOTICE" improperly informed Plaintiff that she was a "customer" of LVNV and that Defendants were allowed to share her personal information with third-parties because of her status as a "customer" of LVNV.

63.     Defendants' drafting and use of the PRIVACY NOTICE, in conjunction with the transmission of the June 16, 2020 letter, was a false, deceptive, or misleading representation in an attempted to collect the Subject Debt to the extent Plaintiff was neither a current or former customer of LVNV (or any of the Resurgent Companies) and

because Defendants did not have Plaintiff's permission to share her personal information and status as an alleged debtor with Defendants' third-party letter vendor.

64.     Plaintiff has suffered a cognizable injury sufficient to invoke Article III standing and is entitled to statutory damages, attorney's fees and costs.

65.     Defendants' unlawful conduct has caused Plaintiff to incur the costs of retaining legal counsel, the costs of filing suit and time spent consulting with legal counsel (time that Plaintiff could have spent on other endeavors).

66.     Further, Plaintiff has incurred expenses related to obtaining credit reports to determine whether Defendant LVNV was the proper owner of the Subject Debt.

67.     Plaintiff will fairly and adequately represent the proposed class members:

> All persons with mailing addresses within this District who were mailed a form collection letter similar to the June 16, 2020 collection letter, where the original creditor was listed as Citibank, N.A., the collection letters were mailed by a third-party vendor and Defendants' collections letters included or were sent in conjunction with Defendants' PRIVACY NOTICE.

WHEREFORE, Plaintiff NICOLE M. GIANNINI requests that this Court:

a. declare that Defendant's form collection letter violated Sections 1692e, 1692e(2) and 1692e(10) of the FDCPA;

b. award Plaintiff actual damages;

c. award Plaintiff and class members maximum statutory damages; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III**
**Violations of Section 1692f of the FDCPA**

68.     Plaintiff NICOLE M. GIANNINI realleges the above paragraphs as though fully set forth herein.

69.     Section 1692f of the FDCPA states that a "debt collector may not use unfair … means to collect or attempt to collect any debt."

70. Defendants' violation of Plaintiff's right to privacy by and through Defendants' sharing of Plaintiff's personal information and status as an alleged debtor with a third-party letter vendor violated Section 1692f because Defendants' "PRIVACY NOTICE" unfairly, misleadingly and improperly informed Plaintiff that she was a "customer" of LVNV and that because of Plaintiff's so-called status, Defendants were allowed to share her personal information with third-parties.

71. Defendants' drafting and use of the PRIVACY NOTICE, in conjunction with the transmission of the June 16, 2020 collection letter, constituted the use unfair means to collect or attempt to collect the Subject Debt to the extent Plaintiff was neither a current or former customer of LVNV (or any of the Resurgent Companies) and because Defendants did not have Plaintiff's permission to share her personal information and status as an alleged debtor with Defendants' third-party letter vendor.

72. The PRIVACY NOTICE (in conjunction with the transmission of the June 16, 2020 collection letters), was a false, deceptive, or misleading representation to the extent Plaintiff was neither a current or former customer of LVNV (or any of the Resurgent Companies) and Defendants did not have Plaintiff's permission to share her status as an alleged debtor with Defendants' third-party letter vendor.

73. Plaintiff has suffered a cognizable injury sufficient to invoke Article III standing and is entitled to statutory damages, attorney's fees and costs.

74. Plaintiff has articulated a cognizable injury sufficient to invoke Article III standing and is entitled to statutory damages, attorney's fees and costs.

75. Defendants' unlawful conduct has caused Plaintiff to incur the costs of retaining legal counsel, the costs of filing suit and time spent consulting with legal counsel (time that Plaintiff could have spent on other endeavors).

76. Further, Plaintiff has incurred expenses related to obtaining credit reports

12

to determine whether Defendant LVNV was the proper owner of the Subject Debt.

77. Plaintiff will fairly and adequately represent the proposed class members:

All persons with mailing addresses within this District who were mailed a form collection letter similar to the June 16, 2020 collection letter, where the original creditor was listed as Citibank, N.A., the collection letters were mailed by a third-party vendor and Defendants' collections letters included or were sent in conjunction with Defendants' PRIVACY NOTICE.

WHEREFORE, Plaintiff NICOLE M. GIANNINI requests that this Court:

a. declare that Defendant's form collection letter violated Section 1692f of the FDCPA;

b. award Plaintiff actual damages;

c. award Plaintiff and class members maximum statutory damages; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.


Plaintiff Demands a Jury Trial,

Plaintiff NICOLE M. GIANNINI,

*/s/James C. Vlahakis*
James Vlahakis                                        Dated: 6/15/2021
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
(630) 575 – 8181
jvlahakis@sulaimanlaw.com